UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>ACV FSD FREMONT, LP, et al.,<br><br>        Defendants. | Case No. 20-cv-07258-JSC<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE** |

Plaintiff filed this Americans with Disabilities Act access case on October 16, 2020 and Defendants answered on November 20, 2020. Under General Order 56, which governs this case, no later than 60 days after service of the complaint the parties were required to conduct a joint site inspection. GO 56 ¶ 7. No more than 35 days following the joint site inspection, the parties were required to hold a settlement meeting. *Id.* ¶ 8. If the case did not resolve, then within 42 days of the joint site inspection or settlement meeting—whichever occurs first—the parties were required to file either a Notice of Settlement or a Notice of Need for Mediation and Certification of Counsel. *Id.* ¶ 9. As of June 29, 2021, however, the case docket did not reflect *any* activity since December 9, 2020.

In light of the apparent failure to comply with the scheduling order, on June 29, 2021, the Court ordered Plaintiff to file a status update on or before July 13, 2021. (Dkt. No. 14.) As of July 22, 2021, Plaintiff had not filed the ordered status update nor otherwise communicated with the Court. Accordingly, on that date the Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute the action and follow court orders. The Order directed Plaintiff to file a response on or before July 29, 2021 and warned Plaintiff that a failure to file a response or to show good cause will result in

dismissal of the action for a failure to prosecute. (Dkt. No. 15.) As of the date of this Order, Plaintiff has still failed to respond.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with the Court's scheduling order, failing to respond to the order for a status update, and failing to respond to the order to show cause, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's order weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond would result in dismissal of this action. (Dkt. No. 8.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement."). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41[1].

**IT IS SO ORDERED.**

Dated: August 5, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] All parties have consented to the jurisdiction of a magistrate judge. (Dkt. Nos. 9, 13.)